IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Tyquanda Miller,<br><br>    Plaintiff,<br>v.<br><br>Wal-Mart Associates, Inc.,<br><br>    Defendant. | Civil Action No. 5:22-cv-0803-JFA<br><br>**ORDER AND OPINION** |

This matter is currently before the Court on Defendant Wal-Mart's motion to dismiss Plaintiff Tyquanda Miller's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 5). Specifically, Defendant avers that Plaintiff's complaint is barred by the applicable statute of limitations and should be dismissed. *Id.* Plaintiff failed to respond in a timely fashion. Thus, this motion is ripe for review.

**I. FACTUAL AND PROCEDURAL HISTORY**

This case arises out of Plaintiff's former employment with Defendant. Plaintiff asserts in her complaint that her employment was terminated in violation of the South Carolina Workers' Compensation Act's prohibition against retaliation § 41-1-80. (ECF No. 1-1). Plaintiff claims that on or about September 11, 2020, she suffered an injury which consisted of a substantial burn to her right arm. *Id.* at ¶ 4. Plaintiff states that she reported the injury to her supervisors and was granted Workers Compensation coverage by her employer, which included medical care by the Defendant. *Id.* at ¶ 5.

1

Plaintiff claims a subsequent injury occurred on or about December 9, 2020 and December 11, 2020, when she was required to lift boxes of frozen chickens containing 96 pieces of chicken. *Id.* at ¶7. She claims that this work assignment caused her wound from the burn injury to start bleeding. *Id.* Consequently, she requested that she be allowed to see a doctor and have her wound examined. *Id.* at ¶8. However, her supervisor denied this request. *Id.* Plaintiff sought medical care and took medical leave regardless. *Id.* at ¶9. When Plaintiff returned to work, she discovered she was terminated for being absent to treat her reopened burn wound. *Id.* at ¶10. Plaintiff seeks payment of her lost wages since she was terminated and reinstatement to her employment with Defendant. *Id.* at ¶12.

Plaintiff originally filed this case in the Orangeburg County Court of Common Pleas on February 10, 2022. (ECF No. 1-1). The complaint asserts one cause of action against Wal-Mart alleging a violation of South Carolina Code §41-1-80, prohibiting retaliation against employees for participating in Workers Compensation civil actions. *Id.* at ¶11. Defendant removed the case to this Court (ECF No. 1) and filed the instant motion to dismiss for failure to state a claim. (ECF No. 5). Plaintiff did not timely respond to the motion to dismiss. Therefore, the motion is ripe for review.

**II.     LEGAL STANDARD**

It is well established that a Rule 12(b)(6) motion examines whether a plaintiff has stated a claim upon which relief can be granted. Traditionally, a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, the complaint must contain sufficient factual matter,

accepted as true, to state a claim that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 62, 678 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly,* 550 U.S. at 555.

Expounding on its decision in *Twombly*, the Supreme Court stated in *Iqbal*,

[T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 556 U.S. at 677-78 (quoting *Twombly*, 550 U.S. at 555-57) (citations omitted); *see also Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003).

"The statute of limitations is an affirmative defense that me be raised in a Rule 12(b)(6) motion to dismiss for failure to state a claim." *United States v. Kivanc*, 714 F.3d 782, 789 (4th Cir. 2013).

### III.   ANALYSIS

This case is before the court based upon diversity jurisdiction. Therefore, the substantive law of South Carolina applies, including the applicable statute of limitations. *See Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 532 (1949) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

In South Carolina, "[n]o employer may discharge or demote any employee because the employee has instituted or caused to be instituted, in good faith, any proceeding under the South Carolina Workers' Compensation Law (Title 42 of the 1976 Code)" and "[t]he statute of limitations for actions under this sections is one year." S.C. Code Ann. § 41-1-80. When computing the time proscribed in South Carolina statutes, "the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included …." SCRCP 6.

The statute of limitations for a retaliation claim under S.C. Code Ann. § 41-1-80 begins to run at the time of the retaliatory act, determined to be the date the employee alleges the defendant retaliated by terminating his or her employment. *Witcher v. Kroger Co.*, No. 8:06-1524, 2007 WL 864147, at *4 (D.S.C. 2007). When an employee files a complaint alleging retaliation under S.C. Code Ann. § 41-1-80, more than a year after the date of the retaliatory act, then the Complaint must be dismissed if the employer moves to dismiss for failure to comply with the statute of limitations. *Smith v. Print Machine, Inc.*, No. 3:16-2918-JFA-SVH, 2017 WL 5593291, at *2 (D.S.C. 2017).

On December 17, 2020, Plaintiff was terminated from her job. Therefore, the cause of action accrued on December 17, 2020, and the statute of limitations began to run the next day. *See* SCRCP 6 ("[T]he day of the act …. After which the designated period of time begins to run is not to be included."). Consequently, any claim for retaliation arising from this event must have commenced within one year of that date or December 17, 2021. Plaintiff filed her Complaint on February 10, 2022, nearly two months after the expiration

of the one-year statute of limitations. (ECF No. 1-1). Because Plaintiff failed to file her complaint by the required date, her claims are barred by the statute of limitations.

### IV.     CONCLUSION

For the reasons stated above, Defendant's motion to dismiss for failure to state a claim (ECF No. 5) is **GRANTED** and this case is dismissed with prejudice.

IT IS SO ORDERED.

April 14, 2022
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge